**FIRST AMERICAN NATIONAL BANK, etc., Respondent,**

v.

**STATE of Minnesota, et al., Appellants.**

**No. 81–799.**

Supreme Court of Minnesota.

July 30, 1982.

---

Warren Spannaus, Atty. Gen., and John C. Jeppesen, Sp. Asst. Atty. Gen., St. Paul, for appellants.

Hall, Byers, Hanson, Steil & Weinberger and Edward J. Laubach, Jr., St. Cloud, for respondent.

OTIS, Justice.

Minn.Stat. § 161.44 (1980) provides, among other things, that land acquired by the State for highway purposes but no longer needed therefor shall first be offered for reconveyance to the previous owner or successors in interest. *Id.* subds. 2 and 3. The State of Minnesota and its Department of Transportation (DOT) appeal from an order of the district court requiring the reconveyance of certain realty at a price based upon its highest and best use at the time of the taking or at the original purchase price, plus interest compounded annually at the statutory legal rate for each intervening year.

In 1967 DOT, by threat of condemnation, purchased a 14.7 acre tract of land from Frank and Marcella Laudenbach for $3,500. This land was used for farming purposes and had been part of the Laudenbach family farm since 1861. DOT acquired the land as part of the right of way needed to construct Interstate Highway 94.

After the land was acquired by DOT the location of the interstate was changed slightly due to local objections. As a result, 7.07 acres of the 14.7 acre tract acquired by DOT from the Laudenbachs were no longer needed for highway purposes.

In 1978 First American National Bank (First American), as trustee of a trust established by the Laudenbachs holding legal title to the family farm, sought reconveyance of the 7.07 acres. DOT agreed that the trust was entitled to an offer of reconveyance, but at a price of $154,000, reflecting the land's increase in value as commercial property located next to the interstate.

First American refused the offer, and when DOT commenced proceedings to publicly sell the land to the highest bidder, First American brought the present action to restrain public sale and compel reconveyance at the price the state originally paid for it.

█ Minn.Stat. § 161.44 (1980) provides in relevant part:

> *Reconveyance when remainder of tract owned by vendor or surviving spouse.* If the lands were part of a larger tract and the remainder of the tract is still owned by the person or his surviving spouse from whom the lands were acquired, or if the lands constituted an entire tract, the lands shall first be offered for reconveyance to such previous owner or his surviving spouse. * * * If less lands than originally acquired are offered for reconveyance the amount of money to be repaid therefor shall not be a less proportion of the consideration paid by the state than the proportion of the part so to be

reconveyed bears to the entire property as originally acquired.

*Id.* subd. 2.[1] While reconveyance is clearly provided for, the intended reconveyance price is unclear. In ascertaining legislative intent we may therefore consider, among other matters, the object to be obtained by the statute. *See* Minn.Stat. § 645.16(4) (1980). We think an overriding objective of section 161.44 is to restore, to the extent possible, the *status quo ante.* Indeed, the language of the offer of reconveyance speaks in terms of "money to be repaid" and "consideration paid by the state" thus suggesting an intention to base the transaction upon the original cost of acquisition by the state. Put another way, we do not think the legislature intended the state to profit from sudden appreciations in land values occasioned by public improvements for which the land was taken but never used. To hold otherwise would put a premium on, and encourage a practice of, condemning more land than is reasonably necessary for public purposes.

█ We are also persuaded by common law principles of eminent domain which we think are applicable in ascertaining intent. *See* Minn.Stat. § 645.17(5) (1980). It has long been recognized that a condemnee cannot benefit from the prospective increase in land value to be occasioned by construction of a public project. As we stated in *Housing and Redevelopment Authority v. Minneapolis Metropolitan Co.,* 273 Minn. 256, 141 N.W.2d 130 (1966):

> [A]ny increase or decrease in market value due to the proposed improvement may not be considered in determining market value. Just compensation within the meaning of our constitutional provision as well as the Fifth and Fourteenth Amendments of the Federal Constitution does not include the right to any increment in value resulting from the taking.

*Id.,* 273 Minn. at 260–61, 141 N.W.2d at 135 (footnotes omitted). Conversely, when the

---

1. Minn.Stat. § 161.44 (1980) also provides for an offer of reconveyance to successors in interest of the vendor or surviving spouse. *Id.* subd. 3. Where the offer as provided for is not ac-

cepted the land may be sold by advertisement to the highest bidder or by public auction. *Id.* subds. 5 and 6.

state reconveys land it should not profit from sudden appreciations in land values due to public improvements. We have adopted this principle in holding that in condemnation proceedings the "time of taking" rule of valuation shall be applied evenhandedly to both condemnor and condemnee:

> Neither an owner nor a condemnor is permitted to gain by any increase or decrease in value of the land taken due to the impact upon land values generated by an area redevelopment project for which the tracts included are acquired.

*Housing and Redevelopment Authority v. Minneapolis Metropolitan Co.*, 273 Minn. 256, 263, 141 N.W.2d 130, 136 (1966). Accordingly we conclude that when the state seeks under section 161.44 to reconvey surplus land no longer needed for highway purposes, the reconveyance to the original owner shall be for whatever amount he was paid by the state,[2] plus interest, whether or not that consideration was based on the land's highest and best use when the sale to the state occurred.

Affirmed as modified.

---

**2.** *See U. S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct.     276, 280, 87 L.Ed. 336 (1943).