**In the Matter of the WELFARE OF J.M.F., Minor Child.**

No. C3–85–1677.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Donald A. Wirries, Moorhead, for appellant.

Larry K. Michelberg, Clay Co. Atty., Moorhead, for respondent.

Joseph M. Parise, Kludt & Parise, Ltd., Moorhead, Guardian-ad-Litem for JMF.

Considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The Clay County District Court ordered appellant to pay $100 per month to respondent Clay County Social Services for the cost of care provided to J.M.F., her delinquent child. She appeals, and contends the trial court improperly considered another child's social security benefits in determining her resources and that the amount of the payments should be determined under the child support guidelines.

## FACTS

The parties and the trial court submitted an agreed statement of the facts pursuant to Minn.R.Civ.App.P. 110.04:

J.M.F. has been in foster home placement for a considerable period of time because of the inability of Appellant to cope with behavioral conduct of J.M.F., under the supervision of the Clay County Department of Social Services. Pursuant to a request for a hearing by J.M.F.'s probation officer and Social Services, a hearing was held on July 26, 1985, to determine if the child could once again be placed in Appellant's home and under her care and supervision.

Present at the hearing were: Clay County Family Court Services, represented by MARCI GREENE; Clay County Social Services, represented by THOMAS OLSON-Assistant Clay County Attorney; J.M.F. and her attorney, JOSEPH PARISE; and [appellant], J.M.F.'s mother, unrepresented.

At the hearing, Appellant stated that she was unwilling and declined to accept J.M.F. back into her home.

The Court inquired of Appellant as to income and resources attributable to the child, J.M.F., and of Appellant's ability to support J.M.F. for the purpose of ordering contribution towards the care of J.M.F.

The Court heard testimony from the Appellant which indicated that she anticipated receiving between $300.00 and $400.00 from working part-time, although she had worked only for a two-week period at the time of the hearing, and that she also received supplemental security income (SSI) payments in the amount of $325.00 per month for the benefit of another minor son, J.F., who suffers from a seeing disability.

The Court ruled that the Appellant could and should pay to Social Services the sum of $100.00 per month towards the costs of care for J.M.F.

Appellant had no formal notice of the hearing until written notice was handed to her at the hearing. That notice referred only to a delinquency petition and did not mention the possibility that appellant could be ordered to reimburse the county. The back of the notice form stated that a parent has a right to be represented by counsel or to have counsel appointed. Appellant was not represented by counsel at the July 26th hearing.

Appellant subsequently obtained counsel, and brought a motion for reconsideration of the order. An attached affidavit related appellant's recent income history:

| PERIOD: | NET INCOME: |
| --- | --- |
| July 1–15, 1985 | $ 43.61 |
| July 16–31, 1985 | 137.01 |
| August 1–15, 1985 | 159.09 |
| August 16–31, 1985 | 190.55 |
| September 1–15, 1985 | 152.12 |

The motion for reconsideration was denied by an order of September 19, 1985.

## ISSUES

1. Did the trial court abuse its discretion in ordering appellant to reimburse the county under Minn.Stat. § 260.251 for care provided to her child?

2. Do the child support guidelines apply when reimbursement is ordered under Minn.Stat. § 260.251?

## ANALYSIS

I

■ ■ A county may seek reimbursement from a parent for the cost of care, examination, or treatment it provides to a

child. Minn.Stat. § 260.251, subd. 1(3)(c) (1984). The statute provides in part that:

> If the income and resources attributable to the child are not enough to reimburse the county for the full cost of the care, examination, or treatment, the court shall inquire into the ability of the parents to support the child and, after giving the parents a reasonable opportunity to be heard, shall order the parents to reimburse the county, in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the child.

*Id.* The language of the statute qualifies a trial court's discretion to order reimbursement in two ways. First, the court must "inquire into the ability of the parents to support the child." *Id.* Second, the court must give the parents a "reasonable opportunity to be heard" before ordering reimbursement. *Id.*

### Ability to Pay

Here the court received testimony that appellant "anticipated" earning between $300 and $400 per month from a part-time job. She did in fact earn that much. There is no evidence that the trial court considered the needs and expenses of appellant or her son.

Appellant is also the representative payee of her disabled son's supplemental security income (SSI) benefits of $325 per month. Appellant contends that payments for the benefit of her son may not be considered in determining her ability to support J.M.F. We agree.

■ Disability payments paid to an obligor are income subject to withholding under Minn.Stat. ch. 518. *Moritz v. Moritz,* 368 N.W.2d 337, 342 (Minn.Ct.App. 1985). A child's receipt of social security benefits from the account of a parent charged with support cannot be offset against the parent's support obligation. *Marriage of Haynes,* 343 N.W.2d 679, 682 (Minn.Ct. App. 1984). But here neither appellant nor J.M.F. is directly entitled to the other child's SSI benefits, and those benefits are therefore not "income" or "resources" under Minn.Stat. § 260.251, subd. 1. If appellant were to apply her son's SSI benefits toward her obligation to the county, she would violate federal law. 20 C.F.R. 416.-635 (1984). She would be liable for repayment of benefits not used for the support of the son. *See Haynes,* 343 N.W.2d at 682.

Respondent argues that appellant has used the SSI benefits to support herself and J.M.F. There is absolutely no evidence in the record to substantiate this claim. It might be argued that the SSI benefits "free up" appellant's income for the support of J.M.F. This argument would be more persuasive if appellant had a higher income. A total monthly income of $625 to $725 (including the $325 in SSI benefits) is hardly enough to support appellant and her son, let alone pay $100 per month to the county.

### Reasonable Opportunity to be Heard

■ We are not satisfied that appellant had either sufficient notice of the hearing or adequate representation. She was not formally notified of the nature of the hearing until she appeared in court. The written notice contains a "statement of the nature of the hearing" but does not include any mention of the possibility of an order for reimbursement. There is no evidence that appellant waived her right to counsel. Absent these fundamental aspects of due process, appellant could not have had a meaningful "opportunity to be heard." *See* Minn.Stat. § 260.251, subd. 1(3)(c).

### II

Appellant argues that the trial court should have determined her support obligation under the child support guidelines. *See* Minn.Stat. § 518.551, subd. 5 (1984). Both parties agree that the reference to Minn.Stat. ch. 518 in Minn.Stat. § 260.251, subd. 1(3)(d) shows a legislative intent that the guidelines be applied in determining a reimbursement obligation. *See* Minn.Stat. § 260.251, subd. 1(3)(d). Respondent argues that the social security benefits

should be included as "income" available to appellant.

■ Under the guidelines, "income" is defined as:

[A]ny form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, unemployment compensation, annuity, military and naval retirement, pension and disability payments.

Minn.Stat. § 518.54, subd. 6 (1984). Here appellant is only a representative payee of SSI benefits. The SSI payments for the benefit of the son are not "payments to an individual" and may not be considered in determining appellant's income.

■ Matters of child support are well within the discretion of the trial court. *See Reck v. Reck*, 346 N.W.2d 675, 677 (Minn. Ct.App. 1984). We therefore remand this case and direct the trial court to make findings on appellant's income and set her support obligation to the county in accordance with the child support guidelines.

## DECISION

The trial court erred when it considered supplemental security income payments for the benefit of one child in determining appellant's obligation to reimburse the county under Minn.Stat. § 260.251 for the cost of care provided to another child. On remand, the court should determine appellant's support obligation under the child support guidelines without considering the SSI benefits.

Reversed and remanded.