**In the Matter of the WELFARE OF A.L.G.**

**No. C8–86–1040.**

Court of Appeals of Minnesota.

Dec. 9, 1986.

Thomas Foley, Ramsey Co. Atty. and Gail L. Young, Asst. Co. Atty., St. Paul, for appellant Ramsey County Community Human Services Dept.

M.G., pro se.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

**OPINION**

WOZNIAK, Judge.

The Ramsey County Human Services Department appeals from a juvenile court order denying its request for reimbursement from the mother of A.L.G. for costs of his care while the child is in the county's temporary custody undergoing treatment at Boys Totem Town. The county contends that Minn.Stat. § 260.251, subd. 1 requires reimbursement in this case. We reverse.

**FACTS**

A.L.G. ran away from home in early 1985 when he was fourteen years old. On February 19, 1985, he broke into the house where he lived with his mother and stepfather and took a variety of items, including cash, rings, and a videocassette recorder. Police apprehended him later that evening and, at a February 21, 1985 hearing, he admitted to the offense.

In March 1985, the court ordered A.L.G. to participate in a day treatment program and an intensive supervision project. However, the court stayed commitment to Boys Totem Town, a juvenile correction and treatment facility. Over the next few months, A.L.G. participated in various pro-

grams including two short-term programs at Boys Totem Town.

In December 1985, after several hearings, the court placed A.L.G. in a long-term treatment program at Boys Totem Town. In its order the trial court stated:

> 2. The court considered but rejected short-term Boys Totem Town because it would not provide the therapeutic intervention that appears to be necessary. St. Croix Camp was also considered, but the staffing committee felt that Boys Totem Town, because it is a long-term treatment program, was more appropriate, and the court agrees.

Following a financial investigation, the county recommended that M.G., the boy's mother, contribute $268 per month for A.L.G.'s support, plus pay for routine medical and clothing expenses. At an April 6, 1986 hearing before a juvenile court referee, A.L.G.'s mother and stepfather objected to paying for their son's treatment and incarceration. The referee denied the county's motion for partial reimbursement because: (1) the parent was the victim of the offenses that resulted in the child's placement; (2) the placement was to a correctional facility, not a treatment facility or program; and (3) the parent objected to supporting the child.

The trial court approved the referee's findings in May 1986, stating that its reason for denying reimbursement was that the mother was the victim of her son's crime. The order stated:

> In the opinion of the court, it was clearly not the intent of the County Board, nor of the statute, that the victims of crimes should, in effect, be forced to pay for the incarceration of the perpetrator of a crime. The trend in Minnesota seems to be in a contrary direction with emphasis being placed on the rights of the victims of crimes and restitution.

## ISSUE

Did the trial court err in denying Ramsey County reimbursement under Minn.Stat. § 260.251 from the parent of a child in juvenile placement for the costs of the child's care?

## ANALYSIS

Minn.Stat. § 260.251, subd. 1(3)(c) (1984) authorizes a county to seek reimbursement from a parent for the costs of care, examination, or treatment it provides to a child. This statute provides in part that:

> If the income and resources attributable to the child are not enough to reimburse the county for the full cost of the care, examination, or treatment, the court shall inquire into the ability of the parents to support the child and, after giving the parents a reasonable opportunity to be heard, shall order the parents to reimburse the county, in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the child.

*Id.*

At the April 9, 1986 hearing, A.L.G.'s mother objected to reimbursing the county for any of her son's expenses because "[T]he crime that got [A.L.G.] in there was against me." The county contends that A.L.G. is not committed to Boys Totem Town solely for incarceration, but also for treatment. Therefore, it argues reimbursement was proper.

Here, the trial court determined that A.L.G.'s mother should not be required to contribute to her minor child's care, even though she is employed, because she was the victim of his crime. Although the statute provides the court may inquire into the parents' ability to pay, we note that it does not authorize excuse from payment based on the type of offense or relation of the victim to the juvenile perpetrator. We agree with Ramsey County that reimbursement is proper.

The record shows that the trial court was concerned with rehabilitation and treatment for A.L.G. Its findings of fact specifically refer to A.L.G.'s chemical abuse problem. The court chose Boys Totem Town over other placement alternatives

"because it is a long-term treatment program."

Although the break-in at A.L.G.'s parents' house may have directly led to the present placement, other factors also came into play. A careful review of the record shows that A.L.G. was locked up in his home by his parents on more than one occasion. A Ramsey County probation officer's report notes that prior to January 1985, the family participated in counseling through Hennepin County. "At the time [A.L.G.] ran away, the family was considering placing him in residential treatment through Ramsey County Human Services," the report stated. The report also noted that Hennepin County psychologists believe tests indicate A.L.G. is "quite disturbed."

Parents are responsible for the support of their minor children. This obligation derives from the "legal and natural duty as members of society." *Mund v. Mund*, 252 Minn. 442, 445, 90 N.W.2d 309, 312 (1958). In *Arora v. Arora*, 351 N.W.2d 668 (Minn. Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 11, 1984), this court held that the obligation of a parent to support his or her children takes precedence over all other obligations except those for self-sustenance. *Id.* at 671.

The cost of treatment at Boys Totem Town is $2,010 per month. The $268 monthly contribution sought by Ramsey County is a small portion of the total cost and will only minimally provide for A.L.G.'s support.

We believe the record shows the trial court placed A.L.G. at Boys Totem Town to enable him to obtain long-term treatment. As such, the trial court was not authorized under Minn.Stat. § 260.251, subd. 1 to deny reimbursement to Ramsey County for reasons other than the parents' inability to pay.

### DECISION

Where the parents are able to pay, the trial court erred in denying Ramsey County partial reimbursement for a child's care from a parent of a child in juvenile placement under Minn.Stat. § 260.251 (1984).

Reversed.