In the Matter of the
**WELFARE OF J.S.D.**

No. C1–86–1574.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Thomas Foley, Ramsey Co. Atty., Gail L. Young, Asst. Co. Atty., St. Paul, for Ramsey County.

Respondent parents, pro se.

Heard, considered and decided by WOZNIAK, P.J., and RANDALL and LESLIE, JJ.

## OPINION

LESLIE, Judge.

The Ramsey County Human Services Department appeals from a juvenile court order ruling that the parents of J.S.D. need not pay reimbursement for the costs of J.S.D.'s care while the child is in the Mauer foster home. The county contends that Minn.Stat. § 260.251, subd. 1 (1986) mandates reimbursement in this case. We reverse and remand.

## FACTS

J.S.D., 17, was sexually abused by her father from the time she was 8 years old until June 1985 when she was 15 years old. J.S.D. has lived in various shelters, hospitals and foster homes since June 1985. On October 10, 1985 J.S.D. was declared dependent as to her mother and neglected and dependent as to her father.

On June 5, 1986, the juvenile court held a placement hearing to determine where to place J.S.D. when she was released from the hospital where she was being treated for chemical dependency. No notice of the hearing was given to the Ramsey County Support and Collections department. At the hearing, the parents objected to placement of J.S.D. at the Mauer foster home because it was too close to their home. The trial court and a social worker eventually convinced the parents to enter into a stipulation to allow placement at the Mauer

foster home. At the hearing, the parents also objected to reimbursing the county.

On June 20 1986, the trial court ordered J.S.D. placed in the Mauer foster home. The court later amended its order to provide that so long as J.S.D. is in the Mauer foster home there should be no charges assessed for that placement against her parents, C.D. and S.D. The county first received notice of the order and its amendment when the parents called to inquire why they were still receiving bills.

The county appeals and claims that the trial court was not authorized under Minn. Stat. § 260.251, subd. 1 (1986) to deny reimbursement to Ramsey County for reasons other than the parents' inability to pay.

## ISSUE

Did the trial court err in ordering that the parents of a child in juvenile placement need not pay reimbursement for the costs of the child's care?

## ANALYSIS

■ Minn.Stat. § 260.251, subd. 1(3)(c) (1986) authorizes reimbursement from a parent for the costs of care, examination, or treatment a county provides to a child. The statute provides:

If the income and resources attributable to the child are not enough to reimburse the county for the full cost of the care, examination, or treatment, the court shall inquire into the ability of the parents to support the child and, after giving the parents a reasonable opportunity to be heard, shall order the parents to reimburse the county, in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the child.

*Id.* Trial courts are not authorized under this statute to deny reimbursement to a county for reasons other than the parent's inability to pay. *In re Welfare of A.L.G.,* 397 N.W.2d 7, 8 (Minn.Ct.App.1986).

■ The trial court's amended order did not include findings or reasons for denying

reimbursement. At the hearing the judge did indicate the reason the parents did not want to pay reimbursement:

Their problem is they don't want their daughter at the Mauer's, emphatically they don't want her there, and now you are saying, hey, not only does she stay there but you have to pay for it. That's kind of a catch 22.

It appears the trial court thought it unfair for the parents to pay reimbursement for a foster home they did not want for their child. This is not a legally sufficient reason to deny reimbursement.

The most recent financial investigation available to the trial court was completed on December 3, 1985. After reviewing and agreeing with this investigation, the parents stipulated on December 30, 1985 to paying reimbursement to the county of $231 per month plus any clothing and personal needs of J.S.D. At the hearing, the parents presented no evidence to show they are unable to reimburse the county. Instead, they raised the issue at the placement hearing because they were reluctant about J.S.D.'s placement in the Mauer foster home.

The cost of placement at the Mauer foster home is $690 per month. To date Ramsey County has expended nearly $10,000 for J.S.D.'s care and treatment in various facilities. The $231 monthly contribution sought by the county is a small portion of the total cost of J.S.D.'s support.

## DECISION

Because the only legally sufficient reason for denying reimbursement is inability to pay, we reverse the trial court's order and reinstate the reimbursement obligation, retroactive to June 20, 1986.

Reversed and remanded.