**In the Matter of the
WELFARE OF C.S.H.**

**No. C2–87–301.**

Court of Appeals of Minnesota.

July 7, 1987.
Review Denied Sept. 18, 1987.

Tom Foley, Co. Atty., Gail L. Young, Asst. Co. Atty., St. Paul, for Ramsey County Human Services Dept.

Respondent Mother, K.H., pro se.

Heard, considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

The Ramsey County Community Human Services Department appeals from a juvenile court ruling that the parent of C.S.H. need not reimburse Ramsey County for C.S.H.'s juvenile placement costs. The county contends the trial court's conclusion is unsupported by findings or evidence. We affirm.

## FACTS

Ramsey County Community Human Services Department (Ramsey County) brings this appeal from an amended order denying its motion for reimbursement of respondent C.S.H.'s placement costs pursuant to Minn.Stat. § 260.251, subd. 1 (1986).

In 1985, C.S.H. was adjudicated a habitual truant and placed under the temporary legal custody of Ramsey County. Pursuant to court order, C.S.H. received care and treatment from January 1986 through May 1, 1986, at the Intensive Day Treatment Center (IDT); from April 29, 1986, through May 4, 1986 at the Geisen Shelter; and from May 14, 1986, through August 15, 1986, at the St. Croix Camp.

On September 5, 1986, a financial hearing was held to determine the amount K.H., C.S.H.'s parent, owed Ramsey County as reimbursement for C.S.H.'s placement costs. The court found that the total placement costs charged upon Ramsey County for C.S.H. was $11,161.09. The court also found, based upon a financial investigation conducted by Ramsey County, that K.H. had net monthly income of $1,748.57. Ramsey County then recommended a parent fee of $170 per month for placement costs incurred at IDT and Geisen Shelter and $230 per month for placement costs incurred at the St. Croix Camp.

The court concluded that IDT does not constitute treatment for purposes of Minn. Stat. § 260.251, subd. 1 and denied Ramsey County's request for placement costs incurred during January 1986 through May 1, 1986, which amounted to $680 (4 months at $170). The court did grant Ramsey County's request for reimbursement of placement costs incurred at the St. Croix Camp, which amounted to $690 (three months at $230). K.H. stated she was financially unable to pay Ramsey County $230 per month, but could manage to pay $100 per month towards the $690 obligation. Ramsey County agreed with this proposed repayment schedule and the court ordered K.H. to reimburse Ramsey County $100 per month until the $690 obligation was satisfied.

On November 20, 1986, Ramsey County moved the court to reconsider whether IDT constitutes "treatment" for purposes of Minn.Stat. § 260.251, subd. 1. The court considered the motion and issued an amended order stating that IDT does constitute "treatment" under Minn.Stat. § 260.251. Although the court now found that IDT constitutes "treatment," it again denied Ramsey County's request for full placement costs finding that K.H. is financially unable to pay.

Ramsey County appeals and claims the trial court erred in denying its request for placement cost reimbursement.

## ISSUE

Did the trial court err by denying Ramsey County's request for reimbursement of placement costs?

## ANALYSIS

Minn.Stat. § 260.251, subd. 1(c) (1986) authorizes reimbursement from a parent for the costs of care, examination, or treatment a county provides to a child. The statute provides:

(c) If the income and resources attributable to the child are not enough to reimburse the county for the full cost of

the care, examination, or treatment, the court shall inquire into the ability of the parents to support the child and, after giving the parents a reasonable opportunity to be heard, shall order the parents to reimburse the county, in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the child.

*Id.* This statute does not authorize trial courts to deny reimbursement to a county for reasons *other than the parent's inability to pay* (emphasis added). *In the Matter of the Welfare of J.S.D.*, 400 N.W.2d 405, 406 (Minn.Ct.App.1987); *In re Welfare of A.L.G.*, 397 N.W.2d 7, 8 (Minn.Ct.App. 1986).

 The trial court did not abuse its discretion in deciding K.H. was financially unable to reimburse Ramsey County for placement costs incurred at IDT. The trial court stated that:

> from all of the evidence the Court finds that K.H. does not have the means to reimburse the county for [costs at IDT].

The trial court's decision regarding K.H.'s financial inability has support in the record. During the original proceeding it was determined that K.H. owed Ramsey County $690, payable in $230 monthly installments. K.H. stated she could not afford such payments, but could manage to pay $100 per month and satisfy her obligation over a seven month period. Acknowledging K.H.'s financial straits, Ramsey County accepted this modest repayment schedule.

The argument that K.H. could work into her budget $100 a month for seven months does not equate to evidence that she could pay $100 a month for the number of years needed to repay the $11,161 total cost of placement for which Ramsey County seeks reimbursement. In light of K.H.'s shortage of funds, it was not an abuse of discretion for the court not to extend her present seven month obligation for an additional nine and one-half years. Although the trial court did not make extensive findings regarding an extension of K.H.'s reimbursement schedule, the record supports the trial court's conclusion. We will not reverse merely because a trial court might have gone into more detail when, as here, the record meets the threshold of sufficiency. *See Caroga Realty Co. v. Tapper*, 274 Minn. 164, 171, 143 N.W.2d 215, 221 (1966).

## DECISION

The trial court did not err by denying full reimbursement to Ramsey County because of obligor's inability to pay.

Affirmed.