**In the Matter of the WELFARE OF M.J.M.**

No. C3–87–999.

Court of Appeals of Minnesota.

Dec. 8, 1987.

Tom Foley, Ramsey Co. Atty., Gail L. Young, Asst. Co. Atty., St. Paul, for appellant Ramsey County.

C.M. and T.M., Parents pro se.

Heard, considered, and decided by CRIPPEN, P.J., and WOZNIAK and STONE,* JJ.

## OPINION

WOZNIAK, Chief Judge.

Ramsey County appeals from the district court's affirmance of a referee's order partially reimbursing the county for money expended for the care of a minor who was adjudicated delinquent. The county maintains that the period for which reimbursement was ordered was inadequate, and that income withholding language is mandatory in any order for reimbursement under the statute. We affirm in part and reverse in part.

## FACTS

The factual information contained in the portion of the record this court has received is sparse, but the following facts are reasonably clear.

The county alleges M.J.M. was placed at Boys' Totem Town for 32 days from February 6, 1986 to March 9, 1986 (hereafter the "32–day placement"). The county also claims that M.J.M. spent one day at that facility, under court order, on April 18, 1987 (hereafter the "1–day placement"). The information regarding these two placements is contained in an affidavit attached to the county's brief to this court; this affidavit never was filed in the district court.

The record does indicate M.J.M. was adjudicated delinquent on June 19, 1986.[1] In the findings of fact and order, M.J.M. was ordered placed in St. Croix Camp because he previously had run away from Boys' Totem Town.

M.J.M. was placed in St. Croix Camp on June 24, 1986, and stayed through October 10, 1986 (hereafter the "109–day placement"). The cost of this placement exceeded $8,000.

Ramsey County sought reimbursement from M.J.M.'s parents pursuant to Minn. Stat. § 260.251, subd. 1 (1984), which assigns financial responsibility for some court-ordered placements. The family received notice of the financial reimbursement hearing.

This hearing was held before a Ramsey County referee. The referee ordered reimbursement for the St. Croix Camp placement from June 25, 1986 through October 10, 1986, "a period of 107 days." This order did not mention the earlier 32–day or 1–day placements.

The amount of the obligation, based on the application of Ramsey County guidelines to the parents' income, was set at $608.10 per month, or $20.00 a day ($608.10 × 12 months divided by 365 days). The court multiplied this figure by the 107 days in placement and arrived at a figure of $2,140 total obligation owed the county.

The order did not include conditional income withholding language that the county contends is mandatory under Minn.Stat. § 260.251, subd. 1(3)(d). The order was countersigned by a district court judge.

The county then sought independent review of the order. The county sought reimbursement for the full 109–day placement, rather than 107 days, reimbursement for the 32– and 1–day stays, and inclusion of conditional income withholding language.

The court reviewed its previous order. In its subsequent order, the court (for reasons not germane to this appeal) increased the obligation to $720 per month (or $24 per day) for the "107–day" period from 6–25–86 to 10–10–86, for a total of $2,520.

The court continued to deny the reimbursement for the 32– and 1–day placements at Boys' Totem Town, and the additional two days of the later St. Croix Camp placement. The court also did not include the conditional income withholding language, apparently because the parents

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. He may have been adjudicated delinquent prior to that time; the record is unclear on this point.

were cooperating in making payments up to that point. The court gave no reason for its decision.

## ISSUES

1. Did the trial court err in granting only partial reimbursement for the various placements of M.J.M.?

2. Did the trial court err in omitting conditional withholding language in its order for reimbursement?

## ANALYSIS

■ 1. Minnesota Statutes Section 260.-251, subdivision 1(3)(c) authorizes the county to seek reimbursement from a parent for the cost of treatment provided to a child. The statute provides:

> [T]he court shall inquire into the ability of the parents to support the child and * * * shall order the parents to reimburse the county * * * such sums as will cover in whole or in part the cost of care, examination, or treatment of the child.

*Id.*

The trial court is not authorized to deny reimbursement under this statute for reasons other than the parents' inability to pay, *In re the Welfare of J.S.D.*, 400 N.W.2d 405, 406 (Minn.Ct.App.1987), although the parents do not lose their procedural right to be heard. *In re the Welfare of J.M.F.*, 381 N.W.2d 488, 491 (Minn.Ct. App.1986).

■ There are, however, statutory limitations on when the costs of the care and treatment are a charge on the welfare funds of the county:

> whenever a child is given * * * treatment *under order of the court,* and no provision is otherwise made by law for payment * * * these costs are a charge upon the welfare funds of the county in which proceedings are held *upon certification of the judge of the juvenile court.*

Minn.Stat. § 260.251, subd. 1(3) (emphasis added). Two things thus are required before the county must pay for treatment (and before a finding can be made regarding reimbursement). First, the placement must be court ordered. Second, the court must certify that the costs of the placement are a charge upon the welfare funds of the county.

**A. Reimbursement for the 32–day March–April stay.**

■ The preparation and transmission of the relevant portions of the transcript and record for purposes of appeal are the responsibility of the appellant. Minn.R.Civ. App.P. 110.02. The court of appeals cannot consider a matter which is outside of the trial court record. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977).

■ The affidavit submitted to this court to substantiate appellant's claim for reimbursement of M.J.M.'s 32–day placement was not submitted to the trial court. Accordingly, we cannot consider this affidavit.

■ There is no other support in the record to indicate that this placement was the result of a court order, or that the court certified that this placement was "a charge upon the welfare funds of the county in which the proceedings were held." We will not disturb the trial court's denial of this reimbursement.

**B. Reimbursement for the 1–day April stay.**

■ The only facts contained in the record that would support a reimbursement order for the 1–day placement are the court's June 19, 1986 findings that there was a prior placement in Boys' Totem Town, from which M.J.M. had run away after one day. The June 19 order did not certify the placement as "a charge upon the welfare funds of the county," as required by Minn.Stat. § 260.251, subd. 1(3). Again, appellants have failed to meet the requirements of the statute. We agree with the trial court's denial of this reimbursement.

**C. Reimbursement for 109, rather than 107, days of the St. Croix Camp placement.**

■ There is factual information, in the form of an affidavit filed with the trial

court, on the length of the St. Croix Camp placement.

This placement was court ordered, and the juvenile court did certify that the money expended for this placement was to be a charge on the welfare funds of Ramsey County. The prerequisites of the statute have been met.

The trial court found that the placement was for 107 days. Findings of fact made by a court sitting without a jury cannot be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01; *Equipment Advertiser, Inc. v. Harris*, 271 Minn. 451, 455, 136 N.W.2d 302, 304 (1965).

The trial court was aware, through affidavits supplied by the county, that the placement began on June 24, 1986. The parents of M.J.M. did not dispute this. There is no contention in the record that the placement was to begin on June 25, which was the date the court used in computing the number of days of reimbursement.

The trial court inadvertently erred in its computation of the number of days in placement. Counting each day the child was at the camp, June 24 to October 10 is 109 days.

■ 2. The construction of a statute is a question of law for the court, and is subject to de novo review on appeal. *Hibbing Education Assoc. v. Public Employment Relations Board*, 369 N.W.2d 527, 529 (Minn.1985).

■ Minnesota Statutes Section 260.251, subdivision 1(3)(d) provides that:

> The court *shall* order the amount of reimbursement attributable to the parents * * * withheld under Chapter 518 from the income of the parents * * *.

(Emphasis added.) The use of the word "shall" indicates the withholding provisions referred to are a mandatory component of any such order. Minn.Stat. § 645.44, subd. 16 (1984). The income withholding provi-

sions referred to are contained in Minn. Stat. § 518.611 (1986), and should have been included in the order.[2]

## DECISION

There is no support in the record for the county's contentions regarding reimbursement for either the 32-day stay or the 1-day stay. The trial court's denial of those reimbursements is affirmed.

The trial court inadvertently erred in the computation of the number of days that M.J.M. was in St. Croix Camp. We reverse and order two extra days of reimbursement (at the trial court's figure of $24.00 a day) by the parents.

The income withholding language is mandatory and should have been included in the reimbursement order. The trial court's decision refusing to include this language in its order is reversed.

Affirmed in part and reversed in part.

CRIPPEN, J., concurs specially.

CRIPPEN, Judge, concurring specially.

We accede to appellant's argument that 1984 legislation mandates withholding orders in juvenile court costs-of-care cases. Minn.Stat. § 260.251, subd. 1(d) (1986); *see* 1984 Minn. Laws ch. 606, § 2. This is notwithstanding the fact that appellant's demand for this relief, resisted by the trial court, puts zeal for money recovery above the good purposes of the juvenile court act. We should note the mischief, undoubtedly unintended, in the 1984 legislation.

Costs-of-care cases involve the inherent appearance of excess on the part of a public authority that first imposes its will on a child and family regarding the choice of child care, often choosing care that is exceedingly costly, and then demands that the family pay for the alternative care. This posture introduces a serious threat to the trial court's effort to work effectively with family members while attempting to

---

**2.** The income withholding provisions provide the procedure by which income may be withheld from an obligor. We are *not* ordering income withheld from the parents of M.J.M.; our decision is that the order must contain notice to the obligor of the possibility of income withholding and the conditions under which income could be withheld. *See* Minn.Stat. § 518.611, subds. 1 & 2.

carefully fashion judicial action that will achieve the high statutory aims of contributing to a better future for the child. *See* Minn.Stat. § 260.011, subd. 2 (1986). A universal additive of withholding orders, not subject to the discretion of the trial court, merely enlarges the prospect that these cost recovery proceedings defeat the court's best efforts.

There is a three-fold danger in using withholding orders for these cases. First, the 1984 alteration of section 260.011 destroys the discretion of the trial court in appropriate cases to avoid introducing the topic of withholding.

The second problem is worse. As formulated under chapter 518, incorporated into section 260.011 by the 1984 legislation, the choice to compel actual withholding is left in the hands of the obligee, mostly independent of trial court discretion. *See* Minn. Stat. §§ 518.611, 518.645 (1986). Thus, the sometimes deliberately arranged course of judicial action with a family can be wholly upset by still one more entity which is empowered to act free of the trial court's best judgment.

Given the mandate to issue a withholding order, the trial court can cautiously limit notices given to employers or other payors. Finally, however, disclosures of withholding orders risk open violation of the statutory mandate for confidentiality of juvenile court actions. Minn.Stat. § 260.161. There is risk that this notice at any stage of dealing with the family violates the confidentiality requirement. It is important, minimally, that notices advise a payor of nothing other than a financial obligation and the conditions of the withholding demand. In addition, with greater specificity than found in many current withholding orders, notice should be prohibited before the occurrence of the 30–day default and a 15–day delay after notice of default to the obligor.[1] *See* Minn.Stat. § 518.645, par.

3(d). *Cf.* Minn.Stat. § 518.611, subd. 2(a)(4).

I concur with the decision of the court, but with conviction that the concerns stated here are serious.

---

1. The trial court may be powerless to limit disclosures if costs-of-care orders are subject to Minn.Stat. § 518.611, subd. 8 (1986), as amended by 1987 Minn. Laws ch. 403, art. 3, § 87. This enactment requires that employers demand disclosure of withholding orders by new employees. It remains to be decided, however, whether this mandate, expressly in regard to withholding on "child support obligations," is incorporated for costs-of-care orders by the language of Minn.Stat. § 260.251, subd. 1(d) (1986), discussed in the majority opinion.