Victoria **MORTENSON** and Lawrence E. Mortenson, Trustees of the Victoria Mortenson Trust dated August 8, 1979, and Lawrence E. Mortenson and Victoria Mortenson, Trustees of the Lawrence E. Mortenson Trust dated August 8, 1979, Respondents,

v.

**STATE of Minnesota, et al., Petitioners.**

No. CX–89–485.

Court of Appeals of Minnesota.

Oct. 17, 1989.

Hubert H. Humphrey, III, Atty. Gen., David L. Phillips, Spec. Asst. Atty. Gen., St. Paul, for petitioners.

Patrick A. Farrell, Grannis, Grannis, Farrell & Knutson, South St. Paul, for respondents.

Heard, considered and decided by WOZNIAK, C.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Petitioner State of Minnesota challenges the trial court's decision to order a jury

trial to establish the appraised current market value of an easement the Commission of Transportation seeks to convey to the owner of the underlying fee. Because Minn.Stat. § 161.43 neither expressly nor impliedly requires a jury trial to determine appraised current market value, we reverse.

## FACTS

In 1942, petitioner acquired an easement over the property involved in this case in an eminent domain proceeding. The purchase price was $17,250. The easement was purchased for use in the construction of State Trunk Highway 110. Petitioner built a ramp and loop on the property as part of a planned cloverleaf interchange. The ramp and loop connected State Trunk Highway 110 with Robert Street. Subsequent plans eliminated the need for the cloverleaf interchange, and the ramp and loop became unnecessary. The structure was closed to traffic on September 2, 1986.

Respondents Victoria and Lawrence E. Mortenson, trustees of the Victoria and Lawrence E. Mortenson trusts, acquired fee title to the property encumbered by petitioner's easement. In October 1987, respondents contacted the Department of Transportation and expressed an interest in purchasing the easement, which would result in their owning the entire unencumbered fee. Petitioner had the property appraised by an independent appraiser. The appraiser placed the current market value of the easement at $1,360,000. Petitioner offered the easement to respondents at that price. Respondents did not reply to the offer, but instead, commenced this action against appellant in Dakota County District Court.

Respondents initially sought an order extinguishing the easement, claiming petitioner had abandoned a portion of the easement. In the alternative, respondents requested an order requiring petitioner to purchase the underlying fee so that petitioner would own the complete parcel. Petitioner denied the easement had been abandoned, and did not make an offer for respondents' underlying fee.

On September 30, 1988, respondents filed a petition for alternative writ of mandamus and an amended complaint for declaratory judgment. Respondents sought: an order extinguishing the easement; a declaration that the easement had no market value; or an order declaring § 161.43 unconstitutional. Respondents then moved for summary judgment.

On February 13, 1989, the trial court issued its findings of fact and order. The trial court found that the challenge to the constitutionality of § 161.43 was premature and reserved judgment on that issue. The trial court denied summary judgment on the other issues, but ordered a jury trial to determine the appraised current market value of the easement. Petitioner then requested and was granted discretionary review of the trial court's order.

## ISSUE

Did the trial court err by concluding a jury trial is necessary to establish the appraised current market value of an easement the Commissioner of Transportation seeks to convey to a fee owner pursuant to Minn.Stat. § 161.43?

## ANALYSIS

### Standard of Review

Construction of a statute is a question of law subject to independent review by this court. *Hibbing Education Association v. Public Employment Relations Board*, 369 N.W.2d 527, 529 (Minn.1985); *In re Welfare of M.J.M.*, 416 N.W.2d 142, 146 (Minn. Ct.App.1987). When construing a statute, our objective "is to ascertain and effectuate the legislature's intent." *Tuma v. Commissioner of Economic Security*, 386 N.W.2d 702, 706 (Minn.1986). When the words of the statute are clear, we must give effect to the statute's plain meaning. If a statute is capable of more than one reasonable interpretation, we "must then determine the probable legislative intent and give the statute a construction consistent with that intent." *Id.*

*The Statute*

Minn.Stat. § 161.43 (1988) provides in part:

> The commissioner of transportation may relinquish and quitclaim to the fee owner an easement or portion of an easement owned but no longer needed by the transportation department for trunk highway purposes, upon payment to the transportation department of an amount of money *equal to the appraised current market value* of the easement. If the fee owner refuses to pay the required amount, or if after diligent search the fee owner cannot be found, the commissioner may convey the easement to an agency or to a political subdivision of the state upon terms and conditions agreed upon, or the commissioner may acquire the fee title to the land underlying the easement in the manner provided in section 161.20, subdivision 2. * * *.

*Id.* (emphasis added.)

The trial court correctly noted that there is no case law discussing the "appraised current market value" language of the statute. The trial court found that by enacting the statute, "the legislature intended to give owners of the underlying fees priority to obtain the easements." The court reasoned that unless the owner of an underlying fee is given an opportunity to challenge the current market value figures, the owner has no meaningful priority. Therefore, the court concluded, respondents are entitled to challenge the "appraised value" of the easement and force the Commissioner to litigate that issue in a jury trial.

█ Petitioner argues that the trial court's ruling is not supported by the language of the statute. We agree. The statute makes no reference to a jury trial as a method of establishing current market value of the easement. As petitioner points out, the second sentence of the statute simply refers to "the amount of money equal to the appraised current market value" as the "required amount." This language indicates that the legislature wanted the Commissioner of Transportation to have the current market value of the easement established by an independent appraiser, and then require the fee owner to pay the appraised amount in exchange for the easement.

We find persuasive appellant's contention that the legislature would have expressly provided for a jury trial to challenge the Commissioner's appraisal had it intended to give the fee owner that right. *See, e.g., Ewert v. City of Winthrop,* 278 N.W.2d 545, 550 (Minn.1979) (no right of jury trial for appeals of special assessments in the absence of express statutory language). Rights created by statutes "must be strictly followed and will be strictly construed." *Id.* Therefore, we refuse to create a right to a jury trial to determine the appraised current market value of an easement where no such right is provided by statute.

The history surrounding the 1983 amendment of § 161.43 and § 161.44 sheds light on what the legislature intended to accomplish by amending these statutes. Discussions during the amending process reveal that the "appraised current market value" language was inserted in each statute to allow appellant to obtain, for the taxpayers of the State of Minnesota, a fair price for easements it owns but no longer needs. The legislature recognized that the original purchase price plus interest formula developed in the courts [1] deprived the state of

---

1. This formula was created in *First American National Bank v. State,* 322 N.W.2d 344 (Minn. 1982). In *First American,* the supreme court interpreted Minn.Stat. § 161.44 (1980) as requiring reconveyance of lands taken from a larger tract to the original owner at the price paid by the state plus interest from the date of the taking. *Id.* at 347. This court later held that the same formula applied to easements conveyed to fee owners pursuant to Minn.Stat. § 161.43 (1982) in *Schreier v. State,* 369 N.W.2d 599 (Minn.Ct.App.1985).

Prior to the 1983 amendment, both statutes required that the state receive "at least the amount of money paid for the acquisition" of the land to be reconveyed. *See* Minn.Stat. § 161.43 (1982). Legislative history reveals that the legislature inserted the current appraised market value language to abrogate the holding of the *First American* case. We are bound to follow the legislature's intent.

potential revenue. Therefore, the legislature amended the statute to require the appraised current market value as the purchase price for all easements it seeks to sell.

In addition to providing the state with additional revenue, the legislature, through § 161.43, intended to create a right of first refusal in favor of the fee owner of land encumbered by state owned easements. Respondents contend that the legislature's intent to give fee owners the first opportunity to purchase an easement will be undermined unless a jury trial on the appraised current market value determination is provided. We disagree. The legislature did not provide for appeal of the appraisal in the statute. In our view, this reveals the legislature's intent to create a limited right in favor of the fee owner.[2]

We also note that the statute allows the Commissioner to purchase or condemn the underlying fee if the fee owner refuses to pay the appraised current market value. At this point, the land owner has the right to contest the purpose for the taking, challenge the amount of the state's offer, and demand a jury trial on the issue of damages. *See, e.g., City of Duluth v. State,* 390 N.W.2d 757, 764 (Minn.1986). Holding a jury trial at the offer stage of the conveyance process could result in a duplication of effort if the underlying fee owners rejected the jury's determination of value, and then later the Commissioner decided to condemn the fee. We will not assume the legislature intended to require two jury trials to determine the value of the same tract of land. *See* Minn.Stat. § 645.17(1) (1988) (presumption that legislature does not intend absurd result).

Respondents argue the trial court's decision recognizes that a presumption exists in favor of judicial review of all final agency decisions. *See, e.g., Minnesota Public Interest Research Group v. Minnesota Environmental Quality Council,* 306 Minn. 370, 237 N.W.2d 375 (1975). We hold that an offer to sell an easement to a fee owner at a price set by an independent appraiser is not the type of agency action to which the presumption of judicial review applies. The language of the statute reveals the preliminary nature of the offer. If the fee owner refuses petitioner's offer, then petitioner may either offer the easement for sale to an agency or political subdivision or acquire the underlying fee in an eminent domain proceeding. If petitioner chooses to condemn the underlying fee, judicial review will take place and respondents may opt for a jury trial on the issue of damages.

■ Respondents also contend that unless the statute is construed as permitting judicial review of the appraisal, the statute will violate respondents' rights to procedural and substantive due process. We reject both claims. First, the right to procedural due process arises only when constitutionally protected liberty or property interests are implicated. *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Property interests are created by state laws which support legitimate claims of *entitlement* to certain benefits. *Id.* at 577, 92 S.Ct. at 2709. The statute here does not create an entitlement right in favor of a fee owner. The statute provides that the "commissioner of transportation *may* relinquish and quitclaim to the fee owner an easement owned but no longer needed * * *." Minn.Stat. § 161.43 (1988) (emphasis added). The statute vests discretion in the Commissioner of Transportation regarding the decision to sell the easement.

**2.** We agree with the trial court that the right created by the statute would be more meaningful if the legislature had provided a procedure for challenging the appraisal. We just cannot find a mandated right to a jury trial. We invite the legislature to provide for an appeal procedure to protect the priority rights of fee owners if it so desires. This procedure could, but need not, involve a jury trial. For instance, it could allow for the appointment of three appraisers; one by the state, one by the fee owner, and one selected by the first two. These appraisers could then submit a report to the trial court and the court could assign a reasonable current fair market value to the easement. In this manner, the priority rights of fee owners would be protected from artificially inflated appraisals and a neutral decisionmaker would quickly and inexpensively establish market value.

The only right the statute creates in favor of the fee owner is the right to receive an offer for the sale of an easement at an appraised value.

 Similarly, respondents' substantive due process claim is without merit. Substantive due process protects persons from deprivation of liberty or property by arbitrary state action. *See Regents of University of Michigan v. Ewing*, 474 U.S. 214, 222–24, 106 S.Ct. 507, 511–13, 88 L.Ed.2d 523 (1985). Respondents have not been deprived of any constitutionality protected property interest by petitioner's actions.

## DECISION

The trial court erred by ruling that a jury trial is required to establish the appraised current market value of an easement declared eligible for conveyance to the fee owner pursuant to Minn.Stat. § 161.43.

Reversed.