## STATE v. FRANK STEPHON.[1]

December 20, 1929.

No. 27,577.

*Moonan & Moonan,* for appellant.

*Thomas H. Quinn,* County Attorney, for the state.

OLSEN, C.

Appeal by defendant from an order denying his motion for a new trial.

The action is one to determine the paternity of an illegitimate child. Defendant was found to be the father of the child.

It is conceded that the child was begotten sometime in September, 1925. On the trial defendant called two witnesses who testified that on one occasion in September, 1925, they saw complainant and one

[1]Reported in 228 N. W. 335.

B leave an entertainment or dance together early one evening. B was called by defendant as a witness and testified that on one occasion in the fall of that year he took complainant to a moving picture show in the evening. He was unable to state in what month. Both he and complainant denied leaving the dance mentioned together. Complainant testified that the visit to the moving picture show was in March, 1925. Defendant then offered to prove by the witness B that he had sexual intercourse with complainant at prior times but disclaimed any intention to show by the witness that he had such relations with complainant in September, 1925, or at any time which could result in the conception of the child. The offer failed to specify any time, place or circumstances as to any of the alleged acts. Defendant further offered to prove by another witness that the complainant had admitted to the witness having had sexual intercourse with B. This offer failed to state the time or place of the alleged admissions or the time related to therein, except that it was stated it did not relate to any time when the child could have been conceived. These offers of evidence were refused.

There is ample evidence in the record that during the month in question and prior thereto complainant was keeping company with defendant and going out with him. There is no evidence, except as stated, that during the month in question or for several months prior thereto complainant was keeping company or going out with the witness B.

The defendant seeks to invoke the rule stated in Guy v. State, 20 Ala. App. 374, 102 So. 243, that prior acts of intercourse with one other than the defendant may be shown if it is also shown that intimacies between them and opportunities continued until after the child was begotten. The record here is barren of any evidence to show that any intimacy existed or continued between the witness B and the complainant during September, 1925, or for some months prior thereto, if at all. No suspicious conduct or circumstances are claimed.

The case of State v. Borie, 79 Iowa, 605, 44 N. W. 824, cited by appellant, if correctly reported, appears somewhat mixed up as to dates. There however the complainant stayed at the home of the

other man over night on two occasions and was with him at other times. The court said that if the intimacies between the parties had not to some extent been renewed the court might feel induced to say the evidence sought to be proved was too remote. The case is not of controlling weight.

The question presented has often arisen in adultery cases. The opportunity must be more than a mere chance, and there must be both adulterous inclination and the opportunity to satisfy it. The opportunity and inclination must concur, and the inclination must be shown to exist at the time. Proof of inclination must extend to some conduct suggesting intent. It is usually necessary to show suspicious actions or incriminating circumstances. 2 C. J. p. 23.

The rule that where complainant gives direct testimony of the act or acts complained of evidence of prior similar acts by the defendant may be received does not here apply.

On the record presented it was not reversible error to exclude the offered evidence.

■ Complaint is made of the admission of evidence as to promises of marriage made by defendant to complainant at the time illicit relations commenced and afterwards. Evidence of the conduct and statements of the defendant during the continuance of such relations is generally admissible.

■ Denial of the motion for a new trial on the ground of newly discovered evidence is ruled by State v. Upson, 162 Minn. 9, 201 N. W. 913.

Order affirmed.