**Jacqueline Cheryl Ann RIECK, Respondent,**

v.

**Patrick Lee LAMBERT, Appellant.**

**No. C1–86–859.**

Court of Appeals of Minnesota.

Nov. 18, 1986.

Tom Foley, Ramsey Co. Atty., Brad A. Johnson, Asst. Ramsey Co. Atty., St. Paul, for respondent.

Robert J. Lawton, St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, P.J. and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is a parentage case that must be remanded for further findings of fact on the child support issue. Appellant also contends the trial court erred in awarding past support for 15 months between commencement of the action and the effective date of a temporary support order. We remand, but we reject appellant's argument on past support.

## FACTS

In October 1985, the trial court adjudicated that appellant Patrick Lambert was the parent of Andrew Rieck, then two and a half years old. The proceedings were commenced on April 12, 1984, but a temporary child support obligation was not established until July 1985. The child has never received public assistance.

In April 1986, the trial court issued its child support order. Appellant's future obligation was set in the monthly sum of $364. In addition, past support of $7000 was ordered for the period beginning on the child's birth date, March 20, 1983, through July 5, 1985, the first payment date in the temporary support order.

Child support was set according to the statutory child support guidelines. Minn. Stat. § 518.551, subd. 5 (1984). The trial court adopted the support calculation of a referee who found that $364 was 25 percent of Lambert's net monthly income. The guidelines state a 25 percent obligation for one child unless the parent's net monthly income exceeds $1001.

The trial court's decision was almost simultaneous with the supreme court's opinion in *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). Thus, child support was set without findings on the needs of Lambert, the child or the child's mother.[1]

---

1. The trial judge evidently accepted all but two of the findings made earlier by the referee. One of the uncorrected findings stated that the respondent, the child's mother, had net monthly income of $950.06. The referee also suggested that the financial circumstances of the parties were indicated in a public welfare report stating that respondent expended $10,843.84 for the child in the 32 months since he was born. An earlier public welfare report said that the mother's expenditure of $10,843.84 suggested a present need of $339 per month (32 x $339 equals $10,848) plus current expenses, but neither the findings of the referee nor the additional finding of the trial court state whether this analysis of present needs is accurate. The report made no reference to expenses of appellant Lambert. Appellant asserted to the trial court that his necessary monthly expenses were $1603.

The trial court's $7000 award for past support was based on a retroactive application of the $250 per month temporary support ordered in July 1985. The court made no findings on needs and resources of the parties before July 1985, but it is evident the court considered respondent's claim that she incurred expenses of over $10,000 for the child between his birth and late 1985. The July 1985 temporary support order was based on a finding that appellant then had net monthly income of $1462.52.

Appellant contends the trial court erred in determining the appropriate amount of past and future support. Because the statute on past support refers to expenses incurred in the two years immediately preceding the commencement of the action, appellant claims he could not be required to pay for expenses incurred before the temporary support was ordered but after the action began 15 months earlier.

## ISSUES

1. Do trial court findings support conclusions on the amount of appellant's child support obligation?

2. Did the trial court err in awarding past support for months after the suit began but before the effective date of a temporary support order?

## ANALYSIS

1. In *Moylan*, addressing nonpublic assistance cases, the supreme court held that guideline calculations are "starting points" for determining the amount of support, but that departure from these calculations must always be considered and the trial court must make "specific findings" on all factors considered in formulating an award. *Moylan*, 384 N.W.2d at 863. Under the Minnesota statutory scheme for setting or modifying the amount of support, departure factors include the circumstances of the obligor, the obligee, and the child; as to each of these individuals consideration must be given to their resources or earnings, and to their needs. *See* Minn. Stat. § 518.551, subd. 5, as amended by 1986 Minn.Laws ch. 406, § 4; and Minn. Stat. § 518.64, subd. 2, as amended by 1986 Minn.Laws ch. 406, § 8.[2] When assessing the child's needs, the court must consider health and education expenses and the standard of living appropriately enjoyed by a child of these parents. Minn.Stat. § 518.-551, subds. 5(b)(2) and (3), as amended by 1986 Minn.Laws ch. 406, § 4.

■ Here the trial court considered resources of both parents and there is no suggestion of separate resources of the child. It is not clear that the court determined the earnings of the obligor relevant to past support prior to July 1985. There are no findings on the needs of the parties or the child relevant either to past or future support. We must remand for further consideration of the child support standards as amended by 1986 Minn. Laws ch. 406. *See Moylan*, 384 N.W.2d at 865.

■ 2. The Parentage Act permits an award of past support for expenses "which were incurred in the two years immediately preceding the commencement of the action." Minn.Stat. § 257.66, subd. 4 (1984). Before 1983 amendments this provision referred to expenses "incurred in the immediate preceding two years." *See* 1983 Minn. Laws ch. 308, § 12.

**2.** The 1986 amendments provide for a support determination that takes into account consideration of the guidelines chart plus various need and resource factors. *See* Minn.Stat. § 518.551, subds. 5(a) and (b), as amended by 1986 Minn. Laws ch. 406, § 4. Several specific needs of the obligor enter into a calculation of income for use of the guidelines charts, but the demand for additional considerations makes no reference to other needs of the obligor. *Id.* However, the amendments preserve the departure mechanism discussed in *Moylan*, the freedom to depart from the guidelines based on express findings. Minn.Stat. § 518.551, subd. 5(e), as amended by 1986 Minn.Laws ch. 406, § 4. We observe that specific standards for departure, formerly set forth in Minn.Stat. § 518.17, subds. 4 and 5, have been repealed. 1986 Minn.Laws ch. 406, § 9; *see Moylan*, 384 N.W.2d at 863. To identify appropriate reasons for departure, we look to the amended language of section 518.551, but also to the language of the modification statute, section 518.64.

Appellant contends the statutory language permits regard for expenses incurred before a case commences but not thereafter until a support order is made. We do not agree.

It is evident the 1983 amendment of the statutes was aimed at identifying the target event for calculating the time limitation on past support. It is equally evident to us that the statute before and after the amendment was a declaration that expenses incurred before a certain date could not be considered. The provision is what the revisor has called it, a statute of limitations. Expenses justifying a past support award include those incurred before or after the date the action commences, so long as they were not incurred more than two years before this date.

We must avoid absurd construction of the statute. Minn.Stat. § 645.17(1) (1984). Thus, we reject the notion that the legislature established a past support right to offset older but not more current expenses, those incurred after an action is commenced. We can identify no credible reason, given lawful recognition of an obligation to pay past support, why the period after commencement of the action should be disregarded. The object of the statute is evident, and it is not contradicted by unambiguous language. *See* Minn.Stat. § 645.16(4) (1984). In these circumstances, the object of the law should not be defeat-ed by a restrictively literal reading. *See Knopp v. Gutterman*, 258 Minn. 33, 102 N.W.2d 689 (1960).

The trial court correctly considered expenses incurred during a period of time that did not precede the commencement of this action by more than two years.

3. Appellant also contends that the trial court's child support decisions were unconstitutional, putting an unequal burden upon one of two parents. This argument was not addressed to the trial court and thus is not to be raised here. *Hampton v. Hampton*, 303 Minn. 500, 501, 229 N.W.2d 139, 140 (1975).

## DECISION

The trial court correctly construed the statutory limit on expenses to be considered for an award of past support in a parentage case. Remand is necessary for a determination of past and future support with due consideration of the needs of the child and the needs and resources of both parties.

Remanded.