**Doreen Ann FREDERICK, et al.,**
**Respondents,**

v.

**Thomas BURKE, Appellant.**

No. C8–86–941.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Paul M. Dressler, Waseca, for respondents.

John H. McLoone IV, Waseca, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

A jury found appellant Thomas Burke is the father of respondent Doreen Frederick's child. Appellant challenges trial court evidence rulings and the sufficiency of the evidence. We affirm.

## FACTS

Respondent Doreen Frederick gave birth to a child, Justin Daniel, on December 5, 1976. In May 1982 she brought a parentage action against appellant Thomas Burke. Frederick alleged she had sexual intercourse with Burke on two occasions, once in the early morning hours of Sunday, March 14, 1976, and once in the early morning hours of either Sunday, March 21 or Sunday, March 28, 1976. She denied having sexual intercourse with anyone else in February, March, or April 1976. Tests performed on blood samples given by appel-

lant, respondent, and Justin showed a 99.29 percent likelihood that appellant is Justin's father. Dr. H.F. Polesky, director of the Minneapolis War Memorial Blood Bank, testified that when the likelihood exceeds 98 percent, "that individual is very, very likely to in fact be the true father of that child."

Appellant denied parentage. He admitted he had sexual intercourse with respondent on two different occasions, but he claimed the first occasion was in December 1975 and the second was in February 1976. Appellant testified that he was with his family and a girlfriend, Stacey Evenson, at a St. Patrick's Day celebration over the weekend of March 13-14, that he was out on a date with Evenson the following weekend (March 20-21), and that he was at a family party in St. Louis Park on March 28. Evenson and appellant's brother, Joe Burke, corroborated this testimony.

Respondent testified she and appellant watched a fire in the country before having sexual intercourse on the second occasion. In the middle of trial, counsel for appellant offered records of the Janesville Fire Department showing no fire calls on March 20, 21, 27, or 28, 1976. Counsel stated that he did not have this evidence earlier because the fire department had misplaced the records. He also offered the testimony of Gary Cummins, custodian of the records. The trial court admitted the records but excluded Cummins' testimony because Cummins became custodian of the records after March 1976.

The trial court entered judgment pursuant to the jury verdict finding Burke to be Justin's father. Burke appeals from the trial court's order denying a new trial.[1]

### ISSUES

1. Is a new trial warranted because the evidence does not support the verdict?

2. Is a new trial warranted because of the exclusion of testimony or because of other errors by the trial court?

### ANALYSIS

1. The standard for reviewing jury verdicts is limited:

> All testimony must be considered in the light most favorable to the prevailing party, * * * and a verdict will only be disturbed if it is "manifestly and palpably contrary to the evidence." * * * Review is even more limited when the jury verdict must consider the demeanor of the witnesses. * * *

*Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 256 (Minn.1980) (citations omitted). If the evidence reasonably tends to support the verdict, it will not be disturbed on appeal.

■ Blood tests indicating a 99.29 percent likelihood of paternity and the undisputed evidence of sexual intercourse between the parties constitute overwhelming evidence in support of the jury's verdict. The only contrary evidence was appellant's testimony that his intercourse with respondent was not on the dates in question, and the corroborating testimony of his girlfriend and brother. The evidence supports the verdict.

■ 2. Evidentiary rulings are committed to the sound discretion of the trial court. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). Before an error in the exclusion of evidence may be grounds for a new trial it must appear the admission of the evidence might reasonably have changed the result. *Id.*

The trial court denied appellant's mid-trial notice and motion to admit testimony of Gary Cummins, records custodian for the Janesville Fire Department. The records,

---

1. The trial court withheld its ruling on the motion for a new trial for three years. In the interim, the court ordered appellant to pay monthly child support and entered judgment against him for AFDC benefits disbursed by respondent County of Waseca on Justin's behalf. Respondent alleges that this order and judgment effectively denied appellant's post-trial motions, such that an appeal is now untimely. We disagree. Although the second judgment honored the original adjudication of parentage, it was critically silent on the long-overlooked new trial motion.

identified for the first time after the trial began, were admitted into evidence. Appellant presented no evidence that the Janesville Fire Department would have been called to the alleged fire, which occurred in a rural area near the border between Waseca and Blue Earth Counties. No evidence showed whether any fire department responded to the fire. Moreover, the remaining evidence overwhelmingly supported the verdict. Cummins' testimony would not reasonably have changed the result.

Appellant's other evidentiary and procedural claims cannot be evaluated. There is no transcript of essential portions of the proceedings, nor citations to the transcript provided. We cannot review an issue unless provided with an adequate record on the subject for appeal. *Custom Farm Services, Inc. v. Collins*, 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976).

## DECISION

The trial court properly denied the motion for a new trial.

Affirmed.