**AITKIN COUNTY FAMILY SERVICE AGENCY on Behalf of Judy LorAnn WIEBRAND, Appellant,**

v.

**Robert Joseph GANGL, Respondent.**

No. C5–88–2439.

Court of Appeals of Minnesota.

June 20, 1989.

Review Denied Aug. 15, 1989.

John R. Leitner, Aitkin Co. Atty., Aitkin, for appellant.

John R. Solien, Aitkin, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant, Judy LorAnn Wiebrand, seeks review of the trial court's order denying her post trial motion for a new trial following the jury's determination that respondent, Robert Gangl, was not the father of appellant's child. She challenges the jury's fact-finding and the admission of evidence that she had relations with another man after her pregnancy was medically determined. We reverse and remand for a new trial.

## FACTS

Appellant gave birth to a child on July 24, 1984. Her pregnancy was first confirmed by analysis of a urine sample she submitted to the Itasca Clinic on November 22, 1983. A clinic doctor testified that this finding of pregnancy meant appellant had been pregnant at least since November 2, because 20 days must pass from conception in order for the test to be effective. An ultrasound test indicated a conception date of October 16, with a one to two week error factor.

Appellant testified she had sexual relations with respondent on October 19 and 26. She also testified, however, that she took birth control pills daily until the end of October. Respondent testified the last time he had sexual relations with appellant was before October 8. This testimony was based on his recollection of employment beginning October 8 and continuing until

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

November 9, during which time he claimed he did not have sexual relations.

Relevant blood samples were tested at Memorial Blood Center of Minneapolis on two separate occasions. The parties do not dispute the validity of the taking or the testing of the blood samples. The first test indicated there was a 99.4 percent likelihood that respondent was the father of appellant's child, and the second test showed a 99.999 percent likelihood. A physician of the blood center stated that while the test results make it unlikely that respondent was not the father, the possibility still existed.

The trial court denied appellant's pre-trial motion to exclude her testimony regarding an admitted incident of sexual intercourse with a man other than respondent that occurred on November 23, 1983, the day after submission of a fluid sample demonstrating appellant's pregnancy.

### ISSUES

1. Did the trial court err in denying appellant's motion for a new trial where appellant asserts the evidence does not support the verdict?

2. Did the trial court err in denying appellant's motion to exclude evidence of her admitted sexual relations occurring outside the period of conception as established by uncontroverted evidence?

### ANALYSIS

### 1. Sufficiency of the evidence

■ Appellant contends that based on the blood test results, evidence that conception occurred in late October 1983, and her testimony as to sexual intercourse with respondent at that time, the jury verdict should be overruled. We disagree.

■ Upon review of a jury verdict the testimony must be viewed in a light most favorable to the prevailing party.

*Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 256 (Minn.1980). Further, "[i]f the evidence reasonably tends to support the verdict, it will not be disturbed on appeal." *Frederick v. Burke,* 397 N.W.2d 19, 20 (Minn.Ct.App.1986). The evidence here permitted the jury to conclude conception occurred after October 8th and that respondent had no sexual contact with appellant after that date.

### 2. Admissibility of evidence

■ On grounds of irrelevancy, appellant challenges the court's refusal to exclude evidence of a sexual contact occurring after the period of conception as established by uncontroverted evidence.[1] Evidence is relevant if it tends to make the existence of a fact more probable or less probable than it would be without the evidence. Minn.R.Evid. 401. Respondent acknowledged at oral argument that the record leaves no doubt that this sexual contact was not during the period when conception could have occurred.

In *State v. Stephon,* 179 Minn. 80, 228 N.W. 335 (1929), the court found the defendant's evidence was inadmissible where it failed to show any intimacy existed between plaintiff and a man other than defendant during the month or some months prior to September 1925, which was conceded as the month of conception. The court in *Stephon* affirmed the exclusion of evidence of plaintiff's sexual relations with another man because the evidence did not relate to any time the child could have been conceived. Likewise, evidence here regarding appellant's sexual contact with a third party occurred outside the time of conception and should have been excluded.

There is no probative value to evidence of sexual activity occurring after the existence of pregnancy as established by uncontroverted evidence. Respondent submits that evidence of sexual contact with a third

---

**1.** The inquiry on the November 23 event was not preceded by any denial of the contact such as would permit impeachment. *Cf. State ex rel Pula v. Beehler,* 364 N.W.2d 860 (Minn.Ct.App. 1985), *pet for rev. denied* (Minn. June 4, 1985) (affirming impeachment evidence of appellant who testified she had no sexual relations with any man other than respondent within a six month period surrounding conception). *See* Minn.R.Evid. 608(b) (conduct of witness as evidence of character for truthfulness).

party on the day after the known existence of appellant's pregnancy is within close range of conception and thus relevant to a determination of paternity. That relevance, if it exists at all, would be founded on the inference that the act demonstrates occurrence of other acts of sexual intercourse at an earlier period.

Minnesota Rule of Evidence 404(b) states:

(b) Other crimes, wrongs, or acts.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The record does not demonstrate, nor does respondent claim, that there was any other evidence of sexual activity of appellant with any other persons before November 23, 1983 whereby her intentions or opportunities at the time were in issue. The testimony was not relevant and was inadmissible under rule 404(b). *See generally* McCormick on Evidence § 188, at 554 (3rd ed. 1984) (circumstantial character evidence will generally not be received, as prejudice often outweighs any probative value).

Finally, respondent contends the evidence was not prejudicial. *See* Minn.R. Evid. 103(a) (admitting or excluding evidence is not error "unless a substantial right of the party is affected"). The trial court has broad discretion in making evidentiary rulings. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). Furthermore, "before an error in the exclusion of evidence may be grounds for a new trial, it must appear that such evidence might reasonably have changed the result." *Frederick v. Burke*, 397 N.W.2d 19, 20 (Minn.Ct.App.1986) (citing *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983)).

It is evident here that the jury's verdict was extraordinary, in light of abundant evidence confirming appellant's claim. While we agree the verdict can be sustained through application of a broad standard of review on sufficiency of the evidence alone, it is clear that the issue of paternity is close at best, and the erroneous introduction of evidence on appellant's November 23rd conduct "might have reasonably changed the result of the trial." *Jenson*, 335 N.W.2d at 725 (quoting *Poppenhagen v. Sornsin Construction Co.*, 300 Minn. 73, 79–80, 220 N.W.2d 281, 286 (1974)).

Finally, respondent contends any prejudice was overcome by the court's cautionary instruction. The trial judge instructed the jury it was not to pass moral judgment on anyone. However, the evidence of appellant's relations with a man other than respondent on November 23rd had no relevant application such as might be more precisely identified by a cautionary instruction. Moreover, the cautionary instruction on judging morals did not address the error to be avoided. Even without passing moral judgment on appellant, the jury could reach a conclusion on her character such as to make the inference, impermissible on this evidence, that appellant had other sexual relations with a third person.

## DECISION

The trial court erred in permitting evidence of appellant's admitted sexual contact outside the established period of conception.

REVERSED AND REMANDED FOR A NEW TRIAL.