ISANTI COUNTY FAMILY SERVICES AND WELFARE DEPARTMENT on Behalf of Robbin K. NOREN, Petitioner, Appellant,

v.

Jack James KUNZA, Respondent.

No. C3–90–1869.

Court of Appeals of Minnesota.

Feb. 12, 1991.

Scott A. Hersey, Isanti County Atty., Stephen J. Anderson, Asst. County Atty., Cambridge, for appellant.

Mark W. Benjamin, Parker, Satrom, O'Neil and Lindberg, Ltd., Cambridge, for respondent.

Considered and decided by
KALITOWSKI, P.J., and SHORT and
POPOVICH, JJ.*

## OPINION

SHORT, Judge.

The trial court refused to award a mother past-due child support, reasoning that because there was no child support order in effect and the mother was not receiving public assistance, there were no "arrearages" arising from potential support obligations. We reverse.

## FACTS

Appellant Robbin K. Noren gave birth to a child on July 6, 1986. Shortly after the child's birth, appellant applied for and began receiving Aid to Families with Dependent Children (AFDC). After receiving the results of a blood test, respondent Jack J. Kunza admitted paternity by signing a declaration of parentage.

On June 30, 1988, appellant no longer qualified for AFDC benefits, and the payments ceased. Sometime thereafter, she asked Isanti County Family Services to establish paternity and support. After respondent was adjudicated to be the child's father, the parties stipulated to all remaining paternity issues, except for the existence of a child support obligation from July 1, 1988, to April 17, 1990—the period of time when appellant no longer received AFDC benefits until she served respondent with a motion seeking past-due child support. Appellant sought past support even though there was no child support order in effect during this period.

The trial court ordered respondent to reimburse Isanti County for the AFDC payments it made between 1986 and 1988, and the court required respondent to pay $269 per month for ongoing child support. The court preserved the issue of child support "arrearages" by taking the matter under advisement when it ordered ongoing child support. Appellant now challenges the trial court's refusal to hold respondent liable for past-due child support.

## ISSUE

In a paternity action, is a parent entitled to seek child support for expenses incurred during the two-year period immediately preceding commencement of the action under Minnesota Statutes section 257.66, subd. 4 (1988), when the parent was not receiving public assistance and there was no child support order in effect?

## ANALYSIS

The trial court denied appellant past-due child support based on its interpretation of the Minnesota Parentage Act, Minn.Stat. §§ 257.51–257.74 (1988). The court concluded retroactive child support is appropriate only in public assistance cases. Construction of a statute is a question of law, and is subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employ-*

* Retired chief justice, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10, and Minn.Stat. § 2.724, subd. 3 (1990).

*ment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985); *In re Welfare of M.J.M.,* 416 N.W.2d 142, 146 (Minn.App.1987).

Minnesota Statutes section 257.66, subd. 3, requires the trial court to incorporate provisions concerning child support into its judgment or order. The trial court may order "the appropriate party to pay all or a proportion of the reasonable expenses of the mother's pregnancy and confinement." *Id.* However, "[t]he court shall limit the parent's liability for past support of the child to the proportion of the expenses that the court deems just, which were incurred in the two years immediately preceding the commencement of the action." *Id.* subd. 4. On its face, the statute does not distinguish between public assistance and non-public assistance cases, nor do we think the legislature intended any such distinction. Denying recompense would discourage mothers from attempting to become self-supporting.

This court has implicitly recognized a parent's right to obtain child support for expenses incurred before the parent commenced a paternity action, even when the child has never received public assistance. *See Rieck v. Lambert,* 396 N.W.2d 269 (Minn.App.1986). The trial court in *Rieck* awarded past support of $7,000 for the period beginning on the child's birthdate, which was over a year before the parent commenced the action. *Id.* at 270. The *Rieck* court upheld this award of past support, relying on Minn.Stat. § 257.66, subd. 4 (1984).[1] *See Rieck,* 396 N.W.2d at 271–72.

It is true "[a] modification of support or maintenance may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party." Minn.Stat. § 518.64, subd. 2 (Supp.1989). That statute is inapplicable here because there is no previous support order to modify. *Cf. Paulson v. Paulson,* 381 N.W.2d 53, 55 (Minn.App.1986). The trial court preserved the issue of retroactive support when it ordered ongoing sup-

port, and had made no previous orders regarding child support. The modification provisions of Chapter 518 thus do not apply to this case. *See County of Anoka v. Richards,* 345 N.W.2d 263, 266–67 (Minn. App.1984).

## DECISION

A parent not receiving public assistance may be awarded past child support for expenses incurred in the two years immediately preceding the commencement of the action under Minnesota Statutes section 257.66, subd. 4 (1988). We reverse and remand for determination of the amount due for past child support.

Reversed and remanded.

---

1. The 1984 and 1988 versions of Minn.Stat. § 257.66, subd. 4, are identical.