Estelle Leaugeay McNEAL, Respondent,

v.

John Wesley SWAIN, Appellant.

No. C9–90–2718.

Court of Appeals of Minnesota.

Nov. 19, 1991.

James C. Backstrom, Dakota County Atty., Sandra M. Torgerson, Asst. County Atty., Hastings, for respondent.

Paul W. Rogosheske, Thuet, Pugh & Rogosheske, Ltd., South St. Paul, for appellant.

Considered and decided by NORTON, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

NORTON, Judge.

This is an appeal from a judgment of paternity and child support. We affirm in part, reverse in part and remand for further proceedings.

## FACTS

Appellant and respondent met in August 1986. At the paternity trial, respondent testified that she and appellant met several times and later developed a sexual relationship which lasted through October 1986. Respondent further testified that as a result of this sexual relationship, she became pregnant. Appellant testified that he saw respondent a few times and that he barely knew her. He denied being the father of her child.

The trial court ordered appellant, respondent and the child to submit to blood tests.

Appellant's blood sample was analyzed by a specialist in disputed parentage testing. The specialist testified that there was a 99.99% probability that appellant was the father.

Prior to trial, appellant moved to exclude this statistical probability evidence, claiming it would invade the province of the jury. The trial court denied the motion and stated that the evidence would be admitted if there was sufficient foundation. In this same motion, appellant sought the admission of testimony that respondent may have had a sexual relationship with appellant's third cousin. The trial court denied admission of this testimony because appellant was unable to discover sufficient evidence to support his allegation.

After the jury heard all of the testimony and reviewed all of the evidence, it returned a special verdict in favor of respondent. Appellant's motion for a new trial was later denied. The trial court ordered appellant to pay interim child support. The matter was then transferred to an ALJ for a determination of permanent ongoing child support and past support.

The ALJ calculated the past support based on appellant's monthly net income from July 7, 1987, the day after the child's birth, to November 1, 1990, the month she rendered her decision. The ALJ applied the statutory guidelines to the income calculations to determine a past support amount of $17,386.00. Based on his monthly salary at the time of the hearing, the ALJ ordered Swain to pay $240.00 per month as permanent ongoing child support. Entry of judgment of past support was stayed as long as appellant paid $48.00 per month by automatic income withholding.

## ISSUES

1. Did the trial court err by admitting into evidence the statistical probability of paternity based on blood test results?

2. Did the trial court err by excluding testimony alleging a sexual relationship between respondent and a third person?

3. Did the administrative law judge err in determining the amount of past child support?

## ANALYSIS

### I.

■ The trial court did not abuse its discretion by admitting statistical evidence of paternity. Evidence of paternity may include blood test results of the statistical probability of the alleged father's paternity. Minn.Stat. 257.63, subd. 1(c) (1990).

We reject appellant's argument that admission of evidence that there was a 99.-99% probability that he is the father invaded the province of the jury. *See State ex rel. Elg v. Erickson*, 363 N.W.2d 859, 862 (Minn.App.1985), *pet. for rev. denied* (Minn. May 20, 1985) ("the likelihood of paternity figure is relevant [and] does not invade the province of the factfinder.").

### II.

■ In paternity proceedings, evidence of a plaintiff's sexual relations with persons other than the defendant is admissible if the evidence is based on specific proof. *State v. Cotter*, 167 Minn. 263, 264–65, 209 N.W. 4, 4 (1926). A defendant must specify "the time, place, or circumstances" of the alleged sexual acts. *State v. Stephon*, 179 Minn. 80, 81, 228 N.W. 335, 336 (1929).

■ Appellant argues that the trial court improperly excluded testimony regarding an alleged sexual relationship between respondent and appellant's third cousin. However, appellant did not offer facts to show there was another sexual relationship during the period of conception.

The trial court did not err in excluding these unsupported allegations.

### III.

■ When determining past support: The court shall limit the parent's liability for past support of the child to the proportion of the expenses that the court deems just.

Minn.Stat. § 257.66, subd. 4 (1990). The standard of review of a court's past sup-

port determination is abuse of discretion. *Nash v. Allen,* 392 N.W.2d 244, 249 (Minn. App.1986) *pet. for rev. denied,* (Minn. Oct. 22, 1986). When determining what amount of past support is just, a court must consider the earnings, needs and resources of the obligor, obligee and child. *Rieck v. Lambert,* 396 N.W.2d 269, 271 (Minn.App.1986). The current and past income of the obligor along with the past needs of the child must be considered. *Id.* Further, a court must make particularized findings when formulating a past support award. *Id.*

Here, the ALJ applied the statutory guidelines to appellant's net monthly income for the period from July 1987 to November 1990 to arrive at a past support amount of $17,386. The ALJ failed to make particularized findings on the child's needs during this period and failed to explain why this amount was just in light of the obligor's present income. We note the substantial decrease between appellant's past and present income. Further, there are no findings of bad-faith reduction or limitation of income that support the ALJ's reliance on appellant's past income. We hold that merely applying the guidelines to appellant's past income is an abuse of discretion where there are no findings to explain why this is just.

We note that appellant's appointed counsel was dismissed prior to the determination of past support. However, "[t]he court shall appoint counsel for a party who is unable to pay timely for counsel in proceedings under sections 257.51 to 257.74." Minn.Stat. § 257.69, subd. 1 (1990). A proceeding to determine past support is one under section 257.66. Therefore, if appellant is eligible, counsel should be appointed for appellant at the proceeding to determine past support.

### DECISION

The trial court's evidentiary rulings were proper and we affirm the judgment of paternity. We reverse and remand for determination of the amount due for past child support.

Affirmed in part, reversed in part and remanded.