**Diana Jean WILLIAMS and Pine County, Respondents,**

v.

**Dennis A. CURTIS, Appellant.**

**No. C7–93–285.**

Court of Appeals of Minnesota.

June 15, 1993.

Review Denied Aug. 6, 1993.

David Spear, Spear & Swanson, Pine City, for respondents.

William G. Peterson, William Peterson and Associates, Bloomington, for appellant.

Considered and decided by HUSPENI, P.J., and HARTEN and HOLTAN,* JJ.

## OPINION

HOLTAN, Judge.

On appeal from summary judgment, the alleged father challenges the district court's determination that he failed to rebut the presumption of paternity under Minn.Stat. § 257.62, subd. 5(b) (1990) with clear and convincing evidence. We reverse and remand.

## FACTS

Respondent Diana Williams gave birth to D.T.W. on November 27, 1990. In April 1992, Williams and co-respondent Pine County instituted a paternity action against appellant Dennis A. Curtis. Curtis answered, denying that the child was conceived by him in February 1990, and denying that he was the father.

Respondents moved for an order requiring a blood test of the child and each natural party. After receiving the blood test results, respondents moved for summary judgment. In support of their motion, respondents submitted Williams' affidavit, the affidavit of Dr. Peter H. Denton, the doctor who supervised the blood testing, and the blood test results.

Williams stated in her affidavit that she delivered D.T.W. on November 27, 1990, two weeks after her due date. She stated that she had sexual intercourse with Curtis on or about February 1990, in Eden Prairie, Minnesota, and also in January 1990. She stated that they did not use a condom each time they had intercourse in February. Williams also stated that she did not have sexual intercourse with any other man during the months of January, February, and March 1990.

In his affidavit, Dr. Denton stated that Curtis could not be excluded as the biological father of D.T.W. and that the probability of paternity indicated a 99.21% likelihood that Curtis was the father of D.T.W. as compared with a random untested man from a similar population. It was his opin-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ion, to a reasonable degree of medical certainty, that Curtis was the father of D.T.W.

Respondents also submitted Curtis's answers to interrogatories and response to request for admissions. In his answers, Curtis stated that he knew Williams because, from approximately October 1989 to February 1990, she lived in the same house in which he was living; she was the sister of one of his roommates. Curtis admitted that he was not sterile, impotent, or for some physical or mental reason, unable to have sexual intercourse during January and February of 1990. He admitted that he was not unavailable for sexual intercourse with Williams during this time. Finally, he admitted that he had no knowledge of and did not claim that Williams had intercourse with other men during February 1990.

In defense of the summary judgment motion, Curtis submitted his affidavit in which he asserted that he had sexual intercourse with Williams on January 18, 1990, but they did not have intercourse in February 1990.

The trial court held a hearing on the summary judgment motion in November 1992. The court subsequently granted the motion and adjudicated Curtis as the father of D.T.W.

## ISSUE

Is appellant's denial of intercourse during the alleged month of conception sufficient to overcome his burden on summary judgment where there is a presumption of paternity pursuant to Minn.Stat. § 257.62, subd. 5(b)?

## ANALYSIS

On appeal from summary judgment, this court must determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *State by Cooper v. Hennepin County*, 441 N.W.2d 106, 109 (Minn.1989); *see also* Minn.R.Civ.P. 56.03.

An alleged father is presumed to be the parent where the blood test results indicate that the likelihood of his paternity, calculated with a prior probability of no more than 0.5 (50%), is 99% or greater. Minn.Stat. § 257.62, subd. 5(b) (1990).[1] The party who opposes the alleged father's paternity has the burden of proving by clear and convincing evidence that the alleged father is not the parent. *Id.*

In this case, the statutory presumption applied because the blood test results indicated a 99.21% likelihood of parentage by Curtis. In applying the presumption, the district court concluded that Curtis's denial of intercourse during the likely month of conception was insufficient to overcome his burden of providing "clear and convincing evidence" to rebut the statutory presumption of paternity. The district court relied on two recent cases from this court. *See Itasca County Social Servs. v. Pitzen*, 488 N.W.2d 8 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992); *Johnson v. Van Blaricom*, 480 N.W.2d 138 (Minn.App. 1992).

Curtis contends that a genuine issue of material fact exists, making summary judgment inappropriate. He argues that his denial of sexual intercourse during the period of conception is sufficient to create a genuine issue of material fact. Evidence of sexual intercourse during any possible time of conception is relevant evidence in determining paternity. Minn.Stat. § 257.63, subd. 1(a) (1990). Thus, Curtis's assertion that he did not have sexual intercourse with Williams during the alleged period of conception is material.

Although this court has reviewed the grant and denial of summary judgment in paternity cases, this is the first time we have considered this issue in light of this statutory presumption and the alleged father's increased evidentiary burden at trial. *See Van Blaricom*, 480 N.W.2d 138; *Nash v. Allen*, 392 N.W.2d 244 (Minn.App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986). Where the evidentiary standard is mandated, "the judge must view the evidence presented through the prism of the substan-

---

1. As amended by 1989 Minn.Laws ch. 282, art. 2, § 163.

tive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (interpreting Fed.R.Civ.P. 56(c)).

*Anderson* was a civil suit for libel by a limited-person public figure, who was required to show actual malice with "convincing clarity." *Id.* at 245–56, 106 S.Ct. at 2508–09. The United States Court of Appeals for the District of Columbia Circuit held that the clear-and-convincing-evidence requirement need not be considered at the summary judgment stage and that the normal burden of proof was applicable. *Id.* at 244, 106 S.Ct. at 2508. The Supreme Court reversed, holding that

> a court ruling on a motion for summary judgment must be guided by the * * * "clear and convincing" evidentiary standard in determining whether a genuine issue of actual malice exists—that is, whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity.

*Id.* at 257, 106 S.Ct. at 2514–15. The Supreme Court made it clear, however, that its holding

> does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions. * * * The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Id.* at 254, 106 S.Ct. at 2513.

We note that the facts in *Nash v. Allen* were similar to those in the present case. In *Nash*, the alleged father did not deny that he had intercourse with the mother of the child. Instead, he claimed that the date of intercourse was approximately one month before the mother's alleged date of conception. *Nash*, 392 N.W.2d at 247 (as in this case, there were no facts in the record indicating the actual date of conception). Although we were not required to consider the presumption of Minn.Stat. § 257.62, subd. 5(b)—because it was not enacted at the time and, even so, the likelihood that

the alleged father was the parent was only 98.864%—we concluded that "[i]n view of the disparate dates alleged by the parties, denial of summary judgment was appropriate." *Id.*

Unlike *Nash*, the cases relied on by the district court do not involve a dispute over the dates of sexual intercourse and conception. In *Pitzen*, this court upheld the trial court's grant of judgment notwithstanding the verdict on the jury's determination of no parentage. The alleged father did not dispute that he and the mother of the child had intercourse approximately nine months before the child's birth. *Pitzen*, 488 N.W.2d at 9. Rather, he merely presented evidence that the mother may have had sexual intercourse with other men at the time of conception and challenged the test results. *Id.*

Similarly, the alleged father in *Van Blaricom* admitted to having sexual intercourse with the mother of the child during the likely period of conception. We upheld summary judgment in favor of the mother where the alleged father merely denied paternity and made unsupported allegations that the mother had sexual intercourse with other men during the period of conception. *Van Blaricom*, 480 N.W.2d at 140–41. (no presumption of paternity, since Minn.Stat. § 257.62, subd. 5(b) had not yet been enacted).

■■ We find that the trial court erred in requiring Curtis to provide clear and convincing evidence to rebut the presumption of paternity. While this is his burden at trial, it is not what is required of Curtis on summary judgment. Because we find the facts of this case most similar to those in *Nash*, we conclude that Curtis's denial of intercourse, during what appears to be the likely month of conception, is sufficient to overcome summary judgment in this case. Curtis also meets the *Anderson* standard. It is clear that Curtis's denial, in the context of the other undisputed facts by Williams, shows that the month of conception could not have been January 1990 (without medical evidence, the court may take judicial notice of the normal 266–day gestation period). A reasonable jury might

find that this evidence rebuts the presumption clearly and convincingly.

## DECISION

The district court erred in granting summary judgment for respondents where Curtis established the existence of a genuine issue of material fact regarding the dates on which he and Williams had sexual intercourse.

**Reversed and remanded.**